Angel R. Sevilla (State Bar No. 239072)
Jessica C. Shafer (State Bar No. 297856)
Julianna Bramwell (State Bar No. 339794)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile:  (415) 394-9401
E-mail: Angel.Sevilla@jacksonlewis.com
E-mail: Jessica.Shafer@jacksonlewis.com
E-mail: Julianna.Bramwell@jacksonlewis.com

Attorneys for Defendant
CALIFORNIA COLLEGE OF THE ARTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| KAREN FISS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA COLLEGE OF THE ARTS,<br><br>Defendant. | Case No. 4:24-cv-03415 (HSG)<br><br>**DEFENDANT CALIFORNIA COLLEGE OF THE ARTS' RESPONSE TO BRIEF OF *AMICUS CURIAE* ZACHOR LEGAL INSTITUTE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date:  January 9, 2025<br>Time:  2:00 p.m.<br>Ctrm.:  2 – 4th Floor<br>Judge:  Hon. Haywood S. Gilliam, Jr.<br><br>Complaint Filed:  06/06/2024<br>First Amended Complaint:  09/05/2024<br>Trial Date:  Not Set |

1   Case No. 4:24-cv-03415 (HSG)
Defendant CCA's Response to *Amicus Curiae* of Zachor Legal Institute
in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss

## I. CCA Supports ZLI's Mission of Fighting Antisemitism.

California College of the Arts ("CCA") unequivocally supports Zachor's Legal Institute's ("ZLI") mission of combating antisemitism. CCA is firmly committed to the equal treatment of all persons regardless of race, color, national origin, ancestry, and religion. *See* FAC ¶¶ 204-205. Antisemitism has no at CCA, which is dedicated to fostering a safe, respectful, and inclusive environment for its students and faculty. CCA does not condone antisemitic views in any form and remains steadfast in its mission to uphold these principles in its academic enterprise. *Id.* Ex. H.

## II. ZLI's Amicus Brief Does Not Aid the Court's Adjudication of CCA's Motion to Dismiss.

On November 13, 2024, ZLI filed an *amicus curiae* brief "in support of" Plaintiff Karen Fiss' ("Plaintiff") Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") ("Amicus Brief"). Dkt. No. 43. In its brief, ZLI argues that, under the Supreme Court's authority in *Bostock v. Clayton County*, 140 S. Ct. 1731, 590 U.S. 644 (2020) and its progeny, anti-Zionism constitutes a form of antisemitic discrimination protected by Title VII. ZLI asserts that Zionism is "an inseparable element of Jewish religious, cultural, and ethnic identity," comparable to other protected characteristics under Title VII. Amicus Brief at p.10.

While ZLI's position regarding the protection of Zionism is laudable, it is irrelevant to the Court's evaluation of CCA's Motion to Dismiss (the "Motion"). The question before the Court is whether Plaintiff has sufficiently pled viable claims for discrimination, harassment, or breach of contract under the Fair Employment and Housing Act ("FEHA"), Title VII, Title VI, and common law. CCA has never asserted that Zionist Jews are not entitled to Title VII's protections. Instead, CCA disputes that the relevant Instagram post, which critiques colonialism and does not mention Zionism or any other protected characteristic, can form the basis for Plaintiff's discrimination and harassment claims. The Amicus Brief does not address this issue and is therefore irrelevant.

ZLI's brief fails to meaningfully address the significant deficiencies in Plaintiff's FAC, including the lack of allegations connecting CCA's actions to her protected characteristics.

1   Case No. 4:24-cv-03415 (HSG)
Defendant CCA's Response to *Amicus Curiae* of Zachor Legal Institute
in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss

1  ZLI appears to agree with Plaintiff's claim that CCA discriminated or harassed her because of her
2  Zionist beliefs by siding with "pro-Palestinian" student activists.  According to ZLI, "the great
3  majority of reports [of antisemitism] since October 7 are directly related to pro-Palestinian student
4  activism such as that which is the subject to Plaintiff's complaint." Amicus Brief at p.6.  This
5  conclusion is not supported by the FAC, which admits that Plaintiff herself initiated contact with
6  student activists, took pictures of them, and insulted them.  Moreover, these inflammatory
7  generalizations about CCA and CCA's student population only serve to distract from the legal
8  issues at hand.

9  ZLI also fails to address the FAC's omission of facts necessary to establish that Plaintiff
10 suffered an adverse employment action.  The Amicus Brief suggests that Plaintiff was persecuted
11 when CCA disciplined her for her conduct toward students.  However, CCA's actions were far
12 from the type of persecution ZLI alleges (i.e., "Jewish students and faculty are being harassed,
13 intimidated, subject to violence and even deprived of constitutional and federal rights at the hands
14 of pro-Palestinian Arab activists.").  Following complaints by two students, CCA conducted an
15 investigation and took appropriate remedial action, including requiring Plaintiff to delete photos
16 of the students, to complete diversity training, and to review and sign policies she had violated.
17 *See* FAC ¶ 105, Ex. N.  These actions do not rise to the level of an adverse employment action
18 under Title VII, let alone constitute harassment or discrimination.

**III.  ZLI Ignores the Realities and Necessity of Political Discourse in the Academic Setting.**

Finally, like Plaintiff, ZLI's Amicus Brief ignores that academic context in which the alleged conduct that Plaintiff deems as harassing or discriminatory occurred.  CCA is an academic institution that fosters an environment of intellectual exploration and free expression.  Students and faculty are encouraged to engage in respectful discussions on controversial topics, including those involving deeply held beliefs.  These freedoms apply equally to Jewish students and faculty, including Plaintiff, as well as to those who hold differing views.  By ignoring this context, ZLI mischaracterizes the robust discourse essential to an academic environment as discriminatory or harassing behavior.  Protecting ideological diversity, even when it involves disagreement, is a

2   Case No. 4:24-cv-03415 (HSG)
Defendant CCA's Response to *Amicus Curiae* of Zachor Legal Institute
in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss

cornerstone of academic freedom and ensures that all members of the CCA community have a voice.

**VI.  CONCLUSION**

For these reasons, CCA respectfully asks the Court to place no persuasive value on ZLI's Amicus Brief and dismiss Plaintiff's FAC without leave to amend.

Dated:  December 30, 2024

JACKSON LEWIS P.C.

By: _____
Angel R. Sevilla
Jessica C. Shafer
Julianna Bramwell
Attorneys for Defendant
CALIFORNIA COLLEGE OF THE ARTS

4899-8368-2059, v. 2

3   Case No. 4:24-cv-03415 (HSG)
Defendant CCA's Response to *Amicus Curiae* of Zachor Legal Institute
in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss