1
2
3
4
5
6
7

Angel R. Sevilla (State Bar No. 239072)
Jessica C. Shafer (State Bar No. 297856)
Julianna Bramwell (State Bar No. 339794)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401
E-mail:  Angel.Sevilla@jacksonlewis.com
E-mail:  Jessica.Shafer@jacksonlewis.com
E-mail:  Julianna.Bramwell@jacksonlewis.com

8
9

Attorneys for Defendant
CALIFORNIA COLLEGE OF THE ARTS

10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

12

13
14
15
16
17

KAREN FISS,

    Plaintiff,

v.

CALIFORNIA COLLEGE OF THE ARTS,

    Defendant.

18
19
20
21
22
23
24

Case No. 4:24-cv-03415-HSG

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COUNT II (TITLE VI) AND COUNT V (BREACH OF CONTRACT) IN PLAINTIFF'S SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**

*Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure*

Date:        April 17, 2024
Time:        2:00 p.m.
Ctrm.:       2 – 4th Floor
Judge:       Hon. Haywood S. Gilliam, Jr.,
             District Judge

Complaint Filed:    06/06/2024
FAC Filed:          09/05/2024
SAC Filed:          02/04/2025
Trial Date:         Not Set

25
26
27
28

Defendant's Notice of Motion and Motion to Dismiss Count II (Title VI)
and Count V (Breach of Contract) in Plaintiff's Second Amended Complaint

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Thursday, April 17, 2025, at 2:00 p.m., or as soon thereafter as the matter may be heard by the Honorable Haywood Gilliam in Courtroom 2, 4th Floor of the above-referenced Court located at 1301 Clay Street, Oakland, California 94612, Defendant California College of the Arts ("Defendant" or "CCA") will and hereby does move for an order dismissing Count II (Title VI) and Count V (Breach of Contract) with prejudice from Plaintiff Karen Fiss' ("Plaintiff") Second Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  This Motion is based on this Notice of Motion and Motion, the below Memorandum of Points and Authorities, all papers on file, and any authority or argument presented in the reply and at any hearing.

## STATEMENT OF RELIEF SOUGHT

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant seeks dismissal with prejudice of Plaintiff's Title VI claim (Count II) and breach of contract claim (Count V).

Dated:  February 18, 2025                    JACKSON LEWIS P.C.


                                    By:    /s/ Jessica C. Shafer
                                           Angel R. Sevilla
                                           Jessica C. Shafer
                                           Julianna Bramwell
                                           Attorneys for Defendant
                                           CALIFORNIA COLLEGE OF THE ARTS

2                    Case No. 4:24-cv-03415-HSG
Defendant's Notice of Motion and Motion to Dismiss Count II (Title VI)
and Count V (Breach of Contract) in Plaintiff's Second Amended Complaint

# <u>TABLE OF CONTENTS</u>

**Page**

I.  INTRODUCTION ................................................................................................................. 1

II. STATEMENT OF FACTS .................................................................................................... 1

    A.  Summary of Plaintiff's Allegations ........................................................................... 1

    B.  Procedural Background .............................................................................................. 1

III. LEGAL STANDARD .......................................................................................................... 2

IV. ARGUMENT ........................................................................................................................ 2

    C.  Plaintiff Again Fails to State a Title VI Claim........................................................... 2

        1.  Plaintiff Fails to Plausibly Plead that the Primary Objective of Federal Student Loans Is to Provide Employment.................................... 2

        2.  Plaintiff Is Not an Intended Beneficiary of CCA's Educational Programming ................................................................................................ 4

    D.  Plaintiff Fails to State a Breach of Contract Claim. ................................................... 5

V.  CONCLUSION ..................................................................................................................... 7

Defendant's Notice of Motion and Motion to Dismiss Count II (Title VI)
and Count V (Breach of Contract) in Plaintiff's Second Amended Complaint

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

5

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ................................................................................................ 2

6

7

*Bates v. United Parcel Serv., Inc.,*
  511 F.3d 974 (9th Cir. 2007) .................................................................................. 6

8

*Cervantes v. Countrywide Home Loans, Inc.,*
  656 F.3d 1034 (9th Cir. 2011) ................................................................................ 2

9

10

11

*Concerned Jewish Parents & Tchrs. Of Los Angeles v. Liberated Ethnic Stud.*
  *Model Curriculum Consortium,*
  No. CV 22-3243 FMO (Ex), 2024 U.S. Dist. LEXIS 216929
  (N.D. Cal. Nov. 30, 2024) ....................................................................................... 4

12

13

*Davidson v. Kimberly-Clark Corp.,*
  889 F.3d 956 (9th Cir. 2018) .................................................................................. 6

14

*Fobbs v. Holy Cross Health Sys. Corp.,*
  29 F.3d 1439 (9th Cir. 1994) .................................................................................. 2

15

16

17

*Howell v. King Cnty. Hous. Auth.,*
  No. 22-cv-645-BJR, 2022 U.S. Dist. LEXIS 199106
  (W.D. Wash. Nov. 1, 2022) ..................................................................................... 2

18

*Reynolds v. Sch. Dist. No. 1,*
  69 F.3d 1523 (10th Cir. 1995) ................................................................................ 3

19

20

*Smith v. Cal. Bd. of Educ.,*
  No. CV-13-5395 FMO (PJW), 2014 U.S. Dist. LEXIS 159317
  (C.D. Cal. Oct. 6, 2014) ......................................................................................... 4

21

22

*Temengil v. Tr. Territory of Pac. Islands,*
  881 F.2d 647 (9th Cir. 1989) .............................................................................. 2, 3

23

24

*Veljkovic v. Bd. Of Educ.,*
  No. 20 C 1551, 2020 U.S. Dist. LEXIS 240690
  (N.D. Ill. Dec. 22, 2020) ........................................................................................ 4

25

26

*X Corp. v. Ctr. For Countering Digit. Hate, Inc.,*
  724 F. Supp. 3d 948 (N.D. Cal. 2024) ................................................................... 6

27

28

Defendant's Notice of Motion and Motion to Dismiss Count II (Title VI)
and Count V (Breach of Contract) in Plaintiff's Second Amended Complaint

**California Cases**

*Burgess v. Superior Ct.*,
  2 Cal.4th 1064 (1992) ........................................................................................... 5

*Chelini v. Nieri*,
  32 Cal. 2d 480 (1948) ........................................................................................... 5

*Erlich v. Menezes*,
  21 Cal.4th 543 (1999) ........................................................................................... 5

*Frangipani v. Boecker*,
  64 Cal. App. 4th 860 (1998) .................................................................................. 6

*Kately v. Wilkinson*,
  148 Cal. App. 3d 576 (1983) ................................................................................. 5

*Richman v. Hartley*,
  224 Cal. App. 4th 1182 (2014) .............................................................................. 5

*Tamarind Lithography Workshop, Inc. v. Sanders*,
  143 Cal. App. 3d 571 (1983) ................................................................................. 6

**Federal Statutes**

20 U.S.C. § 1070 ..................................................................................................... 3

42 U.S.C. § 2000d-3 ................................................................................................ 2

Civil Rights Act of 1964 Title VI .................................................................... 1, 2, 3, 4

**California Statutes**

Cal. Civ. Code § 1550 .............................................................................................. 5

**Other Authorities**

Rule 12(b)(6) ........................................................................................................... 2

Defendant's Notice of Motion and Motion to Dismiss Count II (Title VI)
and Count V (Breach of Contract) in Plaintiff's Second Amended Complaint

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Karen Fiss has now had three opportunities to properly plead her Title VI and breach of contract claims.  Her Second Amended Complaint ("SAC") still fails to cure fundamental defects.  As to the Title VI claim, she does not plausibly allege that the "primary purpose" of Defendant California College of the Arts' ("CCA") federal financial assistance – allegedly in the form of federal student loans – is to provide employment.  Nor can she, as a matter of law, establish that she is an intended beneficiary of CCA's educational programming.  As to the breach of contract claim, Plaintiff again fails to plausibly plead the existence of a contract between the Parties, recoverable damages, or entitlement to injunctive relief.  Her continued assertion of non-viable claims has significantly delayed this litigation.  Given that further amendment would be futile, the Court should dismiss both claims with prejudice.

## II.    STATEMENT OF FACTS

### A.    Summary of Plaintiff's Allegations[1]

To briefly refresh the Court's recollection, CCA is a private arts college in San Francisco, California.  SAC at ¶34.  Plaintiff is a tenured professor at CCA.  SAC at ¶ 28.  Plaintiff asserts that CCA condoned an allegedly antisemitic post on Instagram in the wake of the October 7, 2024 terrorist attack in Israel.  SAC at ¶ 71.  Plaintiff also alleges that, after complaining about the Instagram post, she was wrongfully investigated and disciplined by CCA for harassing and using her position to influence a group of students.  *Id.* at ¶ 111.  CCA denies Plaintiff's allegations and maintains that it complied with California and federal law.

### B.    Procedural Background

CCA moved to dismiss Plaintiff's original Complaint on August 8, 2024.  Dkt. No. 19.  In response, Plaintiff swiftly filed a First Amended Complaint ("FAC") on September 5, 2024.  Dkt. No. 30.  On or about November 13, 2024, CCA moved to dismiss the FAC.  Dkt No. 35.  On January 14, 2025, the Court granted CCA's motion as to the Title VI and breach of contract

---

[1] For the sake of brevity, Defendant hereby incorporates by reference the Statement of Facts included within its last Motion to Dismiss.  *See* Dkt. No. 35.

Defendant's Notice of Motion and Motion to Dismiss Count II (Title VI)
and Count V (Breach of Contract) in Plaintiff's Second Amended Complaint

claims, among others, but provided Plaintiff the opportunity to amend her Complaint.  Dkt. No. 53.  Plaintiff filed her SAC on February 4, 2025, alleging revised Title VI and breach of contract claims.  Dkt. No. 54.

## III.    LEGAL STANDARD

This Court should grant a Rule 12(b)(6) motion when the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court should disregard conclusory factual allegations and "draw on its judicial experience and common sense" to determine whether a claim is plausible. *Id.* at 678-79.  A district court may dismiss without leave to amend where amendment would be futile.  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

## IV.    ARGUMENT

### C.    Plaintiff Again Fails to State a Title VI Claim.

#### 1.    Plaintiff Fails to Plausibly Plead that the Primary Objective of Federal Student Loans Is to Provide Employment.

It is well-established that the applicability of Title VI to employment discrimination cases is limited because employment discrimination claims already fall within the ambit of Title VII. This is apparent in the express language of Title VI itself:  "Nothing contained in this subchapter shall be construed to authorize action under this subchapter by any department or agency with respect to any employment practice of any employer, employment agency, or labor organization…"  42 U.S.C. § 2000d-3.  In light of the express language of Title VI, a plaintiff may invoke its protections only if she can establish that (1) "the entity involved is receiving federal financial assistance," and (2) the primary objective of the federal financial assistance is to provide employment. *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994); *see also Temengil v. Tr. Territory of Pac. Islands*, 881 F.2d 647, 653 (9th Cir. 1989).  Notably, a plaintiff cannot satisfy the "primary objective" prong by merely pleading the words "primary objective" in her complaint.  Rather, she must set forth sufficient facts that show a "logical nexus with the federal funds provided to the agency and that are not covered by Title VII."  *Howell v.*

*King Cnty. Hous. Auth.*, No. 22-cv-645-BJR, 2022 U.S. Dist. LEXIS 199106, at *4 (W.D. Wash. Nov. 1, 2022).

Plaintiff's SAC alleges the following:

> CCA's budget is derived largely from tuition. According to its 2023 Form 990, of CCA's total revenue of $107,178,646, the overwhelming share, $80,476,155, consisted of tuition and fees. Total salary and wage expense was $37,003,790, which means that tuition is necessarily used to pay salaries. Because tuition and fee revenue constitutes approximately 80% of total revenue, it is most reasonable to infer that tuition and fees constitute 80% of the funds used to pay salaries.

SAC at ¶ 168-169. Plaintiff further alleges that "CCA receives funds from the United States Department of Education pursuant to Title VI of the Civil Rights Act of 1964 and those funds come largely if not entirely in the form of tuition subsidies and student loans which are used to pay tuition and fees." *Id.* at ¶ 169. Based on these allegations, Plaintiff summarily concludes that the primary objective of the federal student loans is to provide employment. *Id.*

These allegations do not adequately state a Title VI claim. As a threshold matter, federal student financial aid programs are governed by Title IV of the Higher Education Act of 1965, not Title VI of the Civil Rights Act of 1964. *See* 20 U.S.C. § 1070. The governing statute states that its purpose is to "assist in making available the benefits of postsecondary education to eligible students . . . in institutions of higher education[.]" 20 U.S.C. § 1070(a). The express primary objective of student loans is for students to be able to pay tuition, not to create jobs. As a result, Plaintiff cannot establish the second threshold element of her Title VI claim.

Moreover, even if CCA uses federal student loans to indirectly fund salaries, as Plaintiff suggests, this does place its employment decisions within the scope of Title VI. Courts have consistently held that the incidental impact of federal financial assistance on an organization's employment does not trigger Title VI coverage. *See Temengil,* 881 F.2d at 653 (citing *Ward v. Massachusetts Bay Transp. Authority*, 550 F. Supp. 1310, 1312 (D. Mass. 1982) ("While the federal funds that the MBTA receives may have an incidental impact on employment, . . . the creation of jobs is not the primary purpose of the Federal financial assistance".)); *Reynolds v. Sch. Dist. No. 1*, 69 F.3d 1523, 1531-32 (10th Cir. 1995) (rejecting the argument that payment of salaries from a federal grant establishes employment as the grant's primary purpose). Not only

is Plaintiff unable to state a Title VI claim, but her claims are properly brought under Title VII, which directly governs alleged employment discrimination.  The Court should dismiss the Title VI claim as both legally deficient and redundant.

Finally, even accepting Plaintiff's allegations as true, they do not support the conclusion that the *primary* objective of the federal student loans is to provide employment.  Plaintiff alleges that CCA's total salary and wage expense is approximately $37 million, yet only $80 million of its $107 million revenue comes from tuition and fees. This means that nearly $27 million in revenue originates from other unidentified sources.  The SAC fails to establish that CCA's salaries were not paid primarily from those other sources.  Given these circumstances,  Plaintiff cannot state a Title VI claim, rendering further amendment futile.  The Court should dismiss the claim with prejudice.

### 2.    Plaintiff Is Not an Intended Beneficiary of CCA's Educational Programming.

Plaintiff's Title VI claim also fails because she is not the intended beneficiary of CCA's educational programming.  *See Concerned Jewish Parents & Tchrs. Of Los Angeles v. Liberated Ethnic Stud. Model Curriculum Consortium*, No. CV 22-3243 FMO (Ex), 2024 U.S. Dist. LEXIS 216929, at *58-59 (N.D. Cal. Nov. 30, 2024) (quoting *Epileptic Found. v. City & Cnty. of Maui*, 300 F. Supp. 2d 1003, 1011 (D. Haw. 2003) ("To prevail on a Title VI claim . . . a plaintiff must prove (1) that he is an 'intended beneficiary of the federally-funded program the defendants participated in[.]'")).  As a matter of law, the intended beneficiaries of federally funded school programs are *students*.  *Smith v. Cal. Bd. of Educ.*, No. CV-13-5395 FMO (PJW), 2014 U.S. Dist. LEXIS 159317, at *4 (C.D. Cal. Oct. 6, 2014); *see also Veljkovic v. Bd. Of Educ.*, No. 20 C 1551, 2020 U.S. Dist. LEXIS 240690, at *11-12 (N.D. Ill. Dec. 22, 2020) ("[T]he pertinent question here is whether Title VI grants Veljkovic a right to sue as either 'the intended beneficiary of' or 'a participant in' the Board's educational programming. . . . [T]he participants in the Board's educational programming are students, not teachers.").  Plaintiff, a professor at CCA, has not alleged  and  cannot  establish  that  she  is  the  intended  beneficiary  of  CCA's  educational

///

Defendant's Notice of Motion and Motion to Dismiss Count II (Title VI)
and Count V (Breach of Contract) in Plaintiff's Second Amended Complaint

1  programming.  Given that further amendment of this claim would be futile, it must be dismissed

2  with prejudice.

3  **D.      Plaintiff Fails to State a Breach of Contract Claim.**

4  Plaintiff's breach of contract claim is premised on the same alleged "contract" that the

5  Court considered in dismissing this claim from Plaintiff's FAC.  *See* Dkt. No. 53.  Plaintiff's

6  claim is still legally and factually deficient.

7  In order to establish a prima facie claim for breach of contract, a plaintiff must allege

8  (1) the existence of a contract; (ii) Plaintiff's performance under the contract or excuse for

9  nonperformance; (iii) Defendant's breach; and (iv) damages to Plaintiff as a result of the breach.

10  *See, e.g., Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (2014).  To establish the existence

11  of a contract, a plaintiff must show that there are (1) parties capable of contracting, (2) consent,

12  (3) a lawful object, and (4) consideration.  Cal. Civ. Code § 1550.  Plaintiff again fails to plead

13  the existence of a contract.  She still merely cites various provisions of Defendant's Policy on

14  Discrimination and Unlawful Harassment without explaining how it constitutes an enforceable

15  contract.  *See* Dkt. No. 53.  She does not allege that the policy was a part of her employment

16  contract with CCA, as suggested by the Court.  *Id.*

17  Additionally, Plaintiff again fails to plead compensable damages resulting from the

18  alleged breach.  Plaintiff alleges that she "suffered damages, including the loss of her ability to

19  function effectively as a professional academic[.]"  SAC at ¶ 205.  However, the SAC establishes

20  that she has not suffered economic damages insofar as she remains employed by Defendant at her

21  same salary and has not been denied any raises or promotions.  Moreover, although she alleges

22  entitlement to emotional distress damages, the events alleged do not amount to extreme and

23  traumatic circumstances that would warrant such damages on a breach of contract claim.  *See*

24  *Erlich v. Menezes*, 21 Cal.4th 543, 559 (1999); *see also Kately v. Wilkinson*, 148 Cal. App. 3d

25  576 (1983) (awarding emotional distress in a fatal waterskiing accident); *Chelini v. Nieri*, 32 Cal.

26  2d 480 (1948) (awarding emotional distress for failure to adequately preserve a corpse); *Burgess*

27  *v. Superior Ct.*, 2 Cal.4th 1064 (1992) (finding emotional distress was warranted when an infant

28  was injured during childbirth).  Plaintiff also alleges that she suffered "damage to her reputation,

5                    Case No. 4:24-cv-03415-HSG
Defendant's Notice of Motion and Motion to Dismiss Count II (Title VI)
and Count V (Breach of Contract) in Plaintiff's Second Amended Complaint

1 in amounts to be assessed at trial." SAC at ¶ 205. However, such damages are not recoverable

2 under a breach of contract claim. *Frangipani v. Boecker*, 64 Cal. App. 4th 860, 865-66 (1998);

3 *see also X Corp. v. Ctr. For Countering Digit. Hate, Inc.*, 724 F. Supp. 3d 948, 972

4 (N.D. Cal. 2024).

5        Plaintiff also alleges that she is entitled to injunctive relief. To establish standing for

6 injunctive relief, a plaintiff must demonstrate "that [s]he has suffered or is threatened with a

7 concrete and particularized legal harm, coupled with a sufficient likelihood that [s]he will again

8 be wronged in a similar way." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985

9 (9th Cir. 2007). The threat of injury "must be actual and imminent, not conjectural or

10 hypothetical." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). Plaintiff's

11 SAC alleges no such threat of injury. To the contrary, she alleges that she "is liable to punishment,

12 up to and including termination, if Plaintiff again engages in the conduct for which she was found

13 to have harassed a student[.]" SAC at ¶ 207. This hypothetical harm is insufficient to establish

14 Plaintiff's standing.

15        To the extent Plaintiff seeks specific performance, it is only available where a plaintiff

16 has shown: "(1) the inadequacy of [her] legal remedy; (2) an underlying contract that is both

17 reasonable and supported by adequate consideration; (3) the existence of a mutuality of remedies;

18 (4) contractual terms which are sufficiently definite to enable the court to know what it is to

19 enforce; and (5) a substantial similarity of the requested performance to that promised in the

20 contract." *See Tamarind Lithography Workshop, Inc. v. Sanders*, 143 Cal. App. 3d 571, 575

21 (1983). The SAC again fails to state concrete facts establishing these elements. Given these

22 circumstances, Plaintiff's breach of contract claim is subject to dismissal without leave to amend.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

Defendant's Notice of Motion and Motion to Dismiss Count II (Title VI)
and Count V (Breach of Contract) in Plaintiff's Second Amended Complaint

1  **V.    CONCLUSION**

2      CCA respectfully requests that the Court dismiss Plaintiff's Title VI and breach of contract

3  claims with prejudice.

4

5  Dated:  February 18, 2025                    JACKSON LEWIS P.C.

6                                        By:    /s/ Jessica C. Shafer

7                                            Angel R. Sevilla
                                            Jessica C. Shafer
8                                            Julianna Bramwell
                                            Attorneys for Defendant
9    4910-4028-6493, v. 2                       CALIFORNIA COLLEGE OF THE ARTS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant's Notice of Motion and Motion to Dismiss Count II (Title VI)
and Count V (Breach of Contract) in Plaintiff's Second Amended Complaint