Angel R. Sevilla (State Bar No. 239072)
Jessica C. Shafer (State Bar No. 297856)
Julianna Bramwell (State Bar No. 339794)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Angel.Sevilla@jacksonlewis.com
E-mail: Jessica.Shafer@jacksonlewis.com
E-mail: Julianna.Bramwell@jacksonlewis.com

Attorneys for Defendant
CALIFORNIA COLLEGE OF THE ARTS

Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

Attorneys for Plaintiff
KAREN FISS

Lori Lowenthal Marcus* (PA 53388)
Jerome Marcus* (PA SBN 50708)
The Deborah Project
P.O.B. 212
Merion Station, PA 19066
610.880.0100
jmarcus@deborahproject.org
rghatan@deborahproject.org

* *Admitted Pro Hac Vice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAREN FISS,

Plaintiff,

v.

CALIFORNIA COLLEGE OF THE ARTS,

Defendant.

Case No. 4:24-cv-03415-HSG

**JOINT CASE MANAGEMENT STATEMENT**

Date: March 4, 2024
Time: 2:00 p.m.
Ctrm.: 2 – 4th Floor
Judge: Hon. Haywood S. Gilliam, Jr., District Judge

Complaint Filed: 06/06/2024
1st Amended Complaint: 09/05/2024
2nd Amended Complaint: 02/04/2025
Trial Date: Not Set

The parties to the above-entitled action jointly submit this Joint Case Management Statement and Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1. JURISDICTION AND SERVICE**

On June 6, 2024, Plaintiff Karen Fiss ("Plaintiff" or "Fiss") filed her Complaint in the United States District Court for the Northern District of California alleging claims related to her employment with California College of the Arts ("Defendant" or "CCA"). Plaintiff served the Summons and Complaint on CCA on June 12, 2024. All parties have been served.

Jurisdiction is proper under 28 U.S.C. § 1331 as the Complaint states claims arising under federal law. The parties do not dispute that this Court has personal jurisdiction over the parties or that venue in this Court is proper.

**2. FACTS**

**A. Plaintiff's Facts**

Plaintiff brings this suit against her employer, California College of the Arts, under Title VI and VII of the 1964 Civil Rights Act and related state law claims for creating an antisemitic hostile work environment. Plaintiff alleges CCA discriminated against her on the basis of her Jewish race, color, religion, sex, or national origin by publicly supporting Hamas, the terrorist organization committed to Israel's destruction that attacked Israel on October 7, 2023. Plaintiff alleges CCA disciplined her in a similarly discriminatory manner for discussing the issues with students.

**B. Defendant's Facts**

Plaintiff is a tenured professor at CCA. After the October 7, 2023 attack on Israel by Hamas, CCA issued a statement to students and faculty denouncing the violence. Days later, an Instagram account known as "cca_critical_ethnic_studies" posted content that Plaintiff later complained to CCA was antisemitic. CCA thereafter investigated Plaintiff's complaint, finding that the post did not violate any of CCA's policies. Nevertheless, CCA permanently removed the Instagram post.

In November of 2023, a student lodged a complaint with CCA that Plaintiff had harassed

her and other students. CCA immediately undertook an investigation of the student's complaint. CCA ultimately concluded that some of Plaintiff's conduct violated CCA's policies, including its antiharassment and professional ethics policies. CCA therefore required Plaintiff to delete photos she had taken of the students, to take trainings titled "Supporting Diversity, Equity, Inclusion, and Belonging" and "Preventing Harassment & Discrimination," and to review and sign copies of the policies she was found to have violated. Plaintiff remains a tenured professor with all of the same terms and conditions of her employment.

**3. LEGAL ISSUES**

- Whether Defendant engaged in disparate treatment of, or created a hostile work environment for, Plaintiff;
- Whether Defendant breached any contract with Plaintiff;
- Whether Plaintiff is entitled to any damages whatsoever;
- Whether Plaintiff is entitled to injunctive relief;
- Whether Plaintiff is entitled to declaratory judgment;
- Whether Plaintiff is entitled to punitive damages;
- Whether Plaintiff is entitled to attorneys' fees and costs.

**4. MOTIONS**

CCA's motion to dismiss and strike were denied. (Dkt. 53). Plaintiff may seek summary judgment and motions in limine.

On February 18, 2025 Defendant filed a motion to dismiss the SAC, which is now set to be heard on May 1, 2025. Defendant anticipates filing a motion for summary judgment or summary adjudication as well as motions in limine, if appropriate. Defendant also intends to seek a protective order in advance of discovery.

**5. AMENDMENT OF PLEADINGS**

Plaintiff has filed a First and Second Amended Complaint. The Parties disagree as to whether Plaintiff should be granted leave to file a Third Amended Complaint should Plaintiff conclude that such a pleading is appropriate. The Parties do not anticipate additional parties to be added.

**6. EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred regarding the topics set forth in the Northern District of California's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information. The parties have taken all reasonable steps to preserve evidence potentially relevant to this matter and will continue to comply with their preservation obligations.

**7. DISCLOSURES**

The parties agree that this is an employment dispute falling under the purview of the Pilot Program for Initial Discovery Protocols for Employment Cases Alleging Adverse Action (General Order No. 71). The parties have stipulated to complete initial disclosures within 14 days of the entry of the case management order.

**8. DISCOVERY**

**A. Discovery Taken to Date and Scope of Anticipated Discovery**

The Parties have not propounded written discovery. Plaintiff anticipates the need for electronic, written, and oral discovery.

Defendant anticipates propounding written discovery regarding Plaintiff's alleged damages, any evidence in support of her claims, and deposing 3-4 witnesses regarding factual assertions and damages.

**B. Limitations on Discovery**

The Parties do not believe it is necessary to modify any limitations imposed by the Federal Rules of Civil Procedure or the Local Rules at this time.

**C. E-Discovery**

**Plaintiff's statement:** Plaintiff will meet and confer with Defendant regarding Defendant's system likely to contain discoverable information and appropriate search protocols.

**Defendant's Statement**: Electronic discovery will relate solely to reasonably accessible documents and information relevant to the claims and defenses of the Parties and will be specifically and narrowly tailored in order to avoid undue burden or expense to either party. In the event an issue arises with this type of discovery, the Parties will present proposals for

resolution to the Court.

**D. Any Other [Proposed] Orders Under Rule 26(c) or 16(b)**

The Parties do not believe it is necessary for the Court to issue any other orders under Rule 26(c) or 16(b) at this time.

**E. Discovery Disputes**

There are no discovery disputes presently pending between the Parties.

**9. CLASS ACTIONS**

This case is not a class action.

**10. RELATED CASES**

The Parties are not currently aware of any related matters.

**11. RELIEF**

**A. Plaintiff's Relief**

Plaintiff seeks damages, including costs and attorneys' fees, and injunctive relief.

**B. Defendant's Relief**

Defendant requests that Plaintiff take nothing by this action. Defendant also seeks to recover costs, attorneys' fees, and any other relief the Court deems appropriate.

**12. SETTLEMENT AND ADR**

The Parties have filed ADR certification forms pursuant to Northern District Civil L.R. 16-8(b) and ADR L.R. 3-5(b). The parties are beginning to discuss the prospect of early resolution. Defendant requests that the Court refer this matter to a settlement conference within the next sixty (60) days. Plaintiff believes it would be most productive to conduct the settlement conference approximately sixty (60) days before trial.

**13. OTHER REFERENCES**

None.

**14. NARROWING OF ISSUES**

None.

**15. SCHEDULING**

A schedule has not yet been set for this case. The Parties propose the following schedule:

- Deadline for Completion of Fact Discovery: December 31, 2025;
- Deadline for Designation of Experts: November 26, 2025;
- Deadline for Expert Rebuttal Disclosures: December 19, 2025;
- Deadline for Completion of Expert Discovery: Later of 30 Days from Court's Ruling of Dispositive Motions or April 30, 2026;
- Deadline for Filing Dispositive Motion: February 23, 2026;
- Hearing on Dispositive Motions: March 30, 2026;
- Pre-Trial Conference: May 10, 2026;
- Trial: June 1, 2026.

**16. TRIAL**

**A. Plaintiff's Estimate**

Plaintiff anticipates that trial will last approximately five (5) to seven (7) court days.

**B. Defendant's Estimate**

Defendant anticipates that trial will last approximately five (5) to seven (7) court days.

**17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff confirms there are no other interested non-parties. (Dkt. 3).

Defendant filed its disclosure of interested entities or persons on August 27, 2024.

**18. PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**19. OTHER MATTERS**

None.

Dated: February 25, 2025

JACKSON LEWIS P.C.

By: /s/ Jessica C. Shafer
Angel R. Sevilla
Jessica C. Shafer
Julianna Bramwell
Attorneys for Defendant
CALIFORNIA COLLEGE OF THE ARTS

Dated: February 25, 2025

By: /s/ Mark L. Javitch

Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Tel: (650) 781-8000
Fax: (650) 648-0705
mark@javitchlawoffice.com

Lori Lowenthal Marcus* (PA 53388)
Jerome Marcus* (PA SBN 50708)
The Deborah Project
P.O.B. 212
Merion Station, PA 19066
610.880.0100
jmarcus@deborahproject.org
rghatan@deborahproject.org

*Attorneys for Plaintiff*
KAREN FISS

* *Admitted Pro Hac Vice*

4901-2676-1503, v. 2

**ATTESTATION**

**Pursuant to Northern District of California Local Rule 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from each of the signatories to this document.**

**By: *<u>/s/ Jessica C. Shafer</u>***
**Jessica C. Shafer**

4901-2676-1503, v. 2