UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN FISS,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA COLLEGE OF THE ARTS,<br><br>    Defendant. | Case No. 24-cv-03415-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 56 |

Pending before the Court is a second motion to dismiss filed by Defendant California College of the Arts ("CCA"). Dkt. No. 56. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion to dismiss.

## I.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the

complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek*, 519 F.3d at 1031.  Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

**II. DISCUSSION**

The parties are familiar with the facts alleged in this case.  In January 2025, the Court granted Defendant's motion to dismiss as to Plaintiff's Title VI and breach of contract claims, but gave Plaintiff one opportunity to amend.  *See* Dkt. No. 54.  Plaintiff filed her second amended complaint in February 2025.  Dkt. No. 54 ("SAC").  Defendant again moves to dismiss the Title VI and breach of contract claims.  Dkt. No. 56.  The Court agrees that Plaintiff has failed to cure the deficiencies the Court previously identified.

**A. Title VI**

Plaintiff again alleges that she has been discriminated against and harassed on the basis of her Jewish ancestry, race, ethnic characteristics, or national origin, in violation of Title VI.  *See* SAC at ¶¶ 167–185.  Title VI prohibits discrimination "under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.  Accordingly, to state a Title VI claim, "a plaintiff must allege that (1) the entity involved is engaging in [] discrimination; and (2) the entity involved is receiving federal financial assistance."  *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001).  However, 42 U.S.C. § 2000d–3 further limits the scope of Title VI:

> Nothing contained in this subchapter shall be construed to authorize action under this subchapter by any department or agency with respect to any employment practice of any employer, employment agency, or labor organization *except where a primary objective of the Federal financial assistance is to provide employment*.

42 U.S.C. § 2000d–3 (emphasis added).  To bring a claim under Title VI against an employer for discriminatory employment practices, therefore, the primary objective of the federal financial

2

assistance must be to provide employment.  *See Temengil v. Trust Territory of Pacific Islands*, 881 F.2d 647, 653 (9th Cir. 1989) (citing 42 U.S.C. § 2000d-3).[1]

In the order on the first motion to dismiss, the Court found that Plaintiff had failed to allege that the primary objective of the federal financial assistance was to provide employment. *See* Dkt. No. 53 at 10–11.  Here, in an effort to bridge this gap, Plaintiff has alleged a series of inferences.  First, Plaintiff alleges that CCA receives federal funds from the Department of Education, which "come largely if not entirely in the form of tuition subsidies and student loans which are used to pay tuition and fees."  *See* SAC at ¶ 169.  Plaintiff further alleges that "CCA's budget is derived largely from tuition."  *Id.* at ¶ 168.  As a consequence, Plaintiff asserts, "tuition is necessarily used to pay salaries."  *Id.*  "Because tuition and fee revenue constitutes approximately 80% of total revenue," Plaintiff contends that "it is most reasonable to infer that tuition and fees constitute 80% of the funds used to pay salaries."  *Id.*  Based on these inferences, Plaintiff thus concludes that "[t]he primary objective of the federal funds that CCA receives is the payment of salaries for employment . . . ."  *Id.* at ¶ 169.

However, these allegations are insufficient.  Even liberally construed, Plaintiff has offered allegations only that the school accepts federal funds to cover tuition and student loans.  Although some of this money may eventually be used to pay salaries for people employed by CCA, these allegations do not support the inference that employing CCA staff—rather than making higher education more affordable to students—is the "primary objective" of the Department of Education funds.  The SAC is still devoid of any allegations about the objective of these funds.

In her opposition brief, Plaintiff suggests that she may be able to pivot, and find other sources of federal funding that the school receives.  *See* Dkt. No. 68 at 2–3.  But Plaintiff cannot amend her complaint in the opposition.  And even if the Court were to allow Plaintiff yet another

---

[1] Although on its face § 2000d-3 only refers to "action[s] by any department or agency," courts have still applied the statute's limitations to private rights of action.  *See Temengil*, 881 F.2d at 653; *Reynolds v. Sch. Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1531, n.8 (10th Cir. 1995) (collecting cases).  Plaintiff, for her part, also appears to concede that § 2000d-3 applies to her Title VI claim.  *See* Dkt. No. 38 at 11 ("CCA attempts to shield itself behind the rule that a Title VI employment discrimination claim must allege that federal assistance supported the program at issue—a proposition with which Plaintiff does not quarrel.").

1  opportunity to amend, she has offered no explanation of how she could allege that the primary

2  objective of Defendant's federal financial assistance is to provide employment. Instead, Plaintiff

3  appears to acknowledge that she lacks such information. *Id.* at 3. She asks the Court to allow her

4  to engage in "jurisdictional" discovery in an effort to shore up her claim. But Plaintiff has offered

5  no support for her theory that the federal-funding provision in Title VI is jurisdictional. *Cf.*

6  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) ("[W]hen Congress does not rank a statutory

7  limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in

8  character."); *Glaser v. Upright Citizens Brigade, LLC*, 377 F. Supp. 3d 387, 394 (S.D.N.Y. 2019)

9  (rejecting analogous argument when analyzing similar language under Title IX). And despite

10  Plaintiff's suggestion otherwise, she is not entitled to discovery to facilitate her effort to state a

11  viable claim against Defendant. The Court therefore **GRANTS** the motion as to this claim.

### B.  Breach of Contract

13  Plaintiff also brings a breach of contract claim based on Defendant's Policy on

14  Discrimination and Unlawful Harassment. *See* FAC at ¶¶ 199–210. To state a claim for breach of

15  contract, Plaintiff must allege (i) the existence of a contract; (ii) Plaintiff's performance under the

16  contract or excuse for nonperformance; (iii) Defendant's breach; and (iv) damages to Plaintiff as a

17  result of the breach. *See, e.g.*, *Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (Cal. Ct. App.

18  2014).

19  However, once again, Plaintiff has not pled any facts establishing the existence of the

20  asserted contract between Plaintiff and Defendant. She cites various provisions of Defendant's

21  Policy on Discrimination and Unlawful Harassment, but does not explain how this constitutes an

22  enforceable contract with, for example, mutual assent and consideration. Rather, she offers a

23  single, conclusory statement that certain quoted provisions of the Policy on Discrimination and

24  Unlawful Harassment "are elements of the contract between CCA and Plaintiff." *Id.* at ¶ 203.

25  This is clearly insufficient, and the Court **GRANTS** the motion to dismiss this claim.

### III.  CONCLUSION

27  The Court **GRANTS** the motion to dismiss. Dkt. No. 56. Plaintiff has had ample

28  opportunity to amend her Title VI and breach of contract claims, but has failed to remedy the

deficiencies the Court identified.  The Court finds that granting further leave to amend these causes of action would be futile, and therefore grants the motion to dismiss without leave to amend.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (quotation omitted)).  The case schedule remains in effect as to Plaintiff's remaining claims.  Dkt. No. 67.

**IT IS SO ORDERED.**

Dated:  4/21/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge