Angel R. Sevilla (State Bar No. 239072)
Jessica C. Shafer (State Bar No. 297856)
Julianna Bramwell (State Bar No. 339794)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
Angel.Sevilla@jacksonlewis.com
Jessica.Shafer@jacksonlewis.com
Julianna.Bramwell@jacksonlewis.com

*Attorneys for Defendant*
CALIFORNIA COLLEGE OF THE ARTS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN FISS<br><br>        Plaintiff,<br><br>        v.<br><br>CALIFORNIA COLLEGE OF THE ARTS,<br><br>        Defendant. | Case No.: 4:24-cv-03415-HSG<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Complaint Filed:    06/06/2024<br>FAC Filed:          09/05/2024<br>SAC Filed:          02/04/2025 |

Defendant California College of the Arts ("Defendant" or "CCA") hereby answers the Second Amended Complaint (the "Complaint") filed by Plaintiff Karen Fiss ("Plaintiff").

1.      Defendant admits that this is an action brought by Plaintiff Dr. Karen Fiss. Defendant denies the remaining allegations of Paragraph 1 of the Complaint.

2.      Defendant denies the allegations in Paragraph 2 of the Complaint.

3.      Defendant admits that Dr. Karen Fiss is a professor at CCA. Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4.      Defendant denies the allegations in Paragraph 4 of the Complaint.

5.      Defendant denies the allegations in Paragraph 5 of the Complaint.

6.      Defendant denies the allegations in Paragraph 6 of the Complaint.

7.      Defendant denies the allegations in Paragraph 7 of the Complaint.

8.      Defendant denies the allegations in Paragraph 8 of the Complaint.

9.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, on that basis, denies them.

10.     Defendant denies the allegations in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations in Paragraph 12 of the Complaint.

13.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, denies them.

14.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, denies them.

15.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, denies them.

16.     Defendant denies the allegations in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations in Paragraph 18 of the Complaint.

19.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20.     The allegations in Paragraph 20 of the Complaint are conclusions of law that Defendant cannot admit or deny.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20.

21.     The allegations in Paragraph 21 of the Complaint are conclusions of law that Defendant cannot admit or deny.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21.

22.     The allegations in Paragraph 22 of the Complaint are conclusions of law that Defendant cannot admit or deny.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22.

///

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT

23. Defendant denies that Exhibit A concluded that a series of tweets by a University of Vermont faculty were "antisemitic," as alleged in Paragraph 23 of the Complaint. Defendant admits that the series of tweets listed in Exhibit A did not contain the words "Jew" or "Jewish" and instead said "its [sic] good and funny" "for me, a TA, to not give a Zionist credit for participation;" "why do so many Zionists work for the writing center[?]; "I get incredible [sic] surge [sic] to cyber bully;" "posts from UVM Zionist Instagram accounts," and "serotonin rush of bullying Zionists on the public domain", as alleged in Paragraph 23 of the Complaint. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint and, on that basis, denies them.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

## JURISDICTION AND VENUE

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

## DIVISIONAL ASSIGNMENT

27. Defendant admits the allegations in Paragraph 27 of the Complaint.

## PARTIES

28. Defendant admits the allegations in Paragraph 28 of the Complaint.

29. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 and, on that basis, denies them.

30. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 and, on that basis, denies them.

31. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 and, on that basis, denies them.

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 and, on that basis, denies them.

33. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 and, on that basis, denies them.

34. Defendant admits the allegations in Paragraph 34 of the Complaint.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT

# FACTUAL ALLEGATIONS

35.    Defendant admits that CCA has historically extended its curriculum to scholars of the art and practice of arts and craft, as alleged in Paragraph 35.  Defendant denies the remaining allegations of Paragraph 35 of the Complaint.

36.    Defendant denies the allegations in Paragraph 36 of the Complaint.

37.    Defendant denies the allegations in Paragraph 37 of the Complaint.

38.    Defendant denies the allegations in Paragraph 38 of the Complaint.

39.    Defendant denies the allegations in Paragraph 39 of the Complaint.

40.    Defendant denies the allegations in Paragraph 40 of the Complaint.

41.    Defendant denies the allegations in Paragraph 41 of the Complaint.

42.    Defendant admits that it has issued statements condemning violence against numerous minority groups, including those listed in Paragraph 42, subsection (A)-(L) of the Complaint.  Defendant denies the remaining allegations in Paragraph 42 of the Complaint.

43.    Given that Paragraph 43 of the Complaint fails to specifically identify the relevant statements to which it refers, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43.

44.    Defendant admits that harm against minority groups has "commanded the attention of, and the issuance of public statements by, CCA," as alleged in Paragraph 44 of the Complaint.  Except as otherwise stated below in A-E, Defendant denies the remaining allegations in Paragraph 44 of the Complaint.

        A.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 44.A. of the Complaint.

        B.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 44.B. of the Complaint.

        C.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 44.C. of the Complaint.

        D.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 44.D. of the Complaint.

E.    Defendant denies that it did not issue a statement regarding the Tree of Life incident described in Paragraph 44.E. of the Complaint. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation that "[t]his incident was the single worst attack on Jews in America."

45.    Defendant admits the allegations in Paragraph 45 of the Complaint.

46.    Defendant admits that Dr. Fiss' email to Tricia Brand, attached as Exhibit D, states: "As we have discussed, CCA leadership failed to issue a statement of solidarity with Jewish students when the Pittsburgh Tree of Life murders took place, as well as multiple shooting attacks closer to home in California (Poway, Los Angeles, San Francisco). In contrast, it has issued statements of solidarity and support for tragic ethnic, religious and gender violence in Iran, New Zealand and elsewhere. As we previously discussed, I support those previous statements and also did my best as a faculty member to support those students suffering as a result of news of the violence in these countries." Defendant denies the remaining allegations of Paragraph 46 of the Complaint.

47.    Defendant admits the allegation in Paragraph 47 of the Complaint that it issued the statement attached as Exhibit E. Defendant denies that the statement attached as Exhibit E was not issued "in support of the Jewish community expressing the same kind of support and concern as that expressed on behalf of the many groups supported in statements referenced above in ¶36," as stated in Paragraph 47. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 47 of the Complaint.

48.    Defendant denies the allegations in Paragraph 48 of the Complaint.

49.    Defendant denies the allegations in Paragraph 49 of the Complaint.

50.    Defendant denies the allegations in Paragraph 50 of the Complaint.

51.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation that "[s]uch behavior undermines the principles of academic freedom and equality that Title VI and Title VII aim to protect," as alleged in Paragraph 51. Defendant denies the remaining allegations in Paragraph 51 of the Complaint.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT

52.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation that "[s]uch behavior not only stifles genuine intellectual discourse but also constitutes a profound betrayal of the principles of fairness and equality enshrined in Title VI and VII," as alleged in Paragraph 52.  Defendant denies the remaining allegations in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations in Paragraph 55 of the Complaint.

56.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56.

57.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57.

58.     Defendant denies the allegations in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations in Paragraph 62 of the Complaint.

63.     Defendant admits that, on October 7, 2023, armed members of Hamas entered Israel, attacked numerous Israeli towns, and murdered, injured, and kidnapped many people.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 63.

64.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint.

65.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 and, on that basis, denies them.

66.     Defendant admits that, on October 11, 2023, a photo and text were posted to the Instagram account identified as "cca_critical_ethnic_studies."  Defendant admits that the post included a photograph depicting Palestinian flags and a sign which read "DECOLONIZATION

IS NOT A DINNER PARTY." Defendant admits that the post stated that "[o]ur program has a stellar record of teaching that historical and contemporary context of Israel's colonial legacy in Palestine," and "You cannot use the term 'decolonize' without recognizing the toxicity and violence of settler colonialism. Decolonization is not a metaphor. Solidarity is not passive," as alleged in Paragraph 66 of the Complaint. Defendant denies the remaining allegations of Paragraph 66.

67. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67 and, on that basis, denies them.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant denies the allegations in Paragraph 69 of the Complaint.

70. Defendant admits that Stephen Beal, CCA's former President, issued the statement attached as Exhibit E regarding the events on October 7, noting, "We are especially concerned for those who fear for the welfare and safety of loved ones, those who've already lost loved ones to terror, and everyone whose safety is under threat because of their culture, their faith, and their hope for peace." Defendant denies the remaining allegations in Paragraph 70 of the Complaint.

71. Defendant admits the allegations in Paragraph 71 of the Complaint.

72. Defendant admits that Maira Lazdins, CCA's Vice President of Human Resources, emailed Dr. Fiss on November 29, 2023, noting that "free inquiry and expression are at the heart of every academic community. While firmly rejecting hate speech, antisemitism, and Islamophobia, we also recognize there may be a spectrum of views on any given topic . . . Our focus continues to be on modeling productive and respectful disagreement within our diverse community," as alleged in Paragraph 71 of the Complaint. Defendant denies the remaining allegations in Paragraph 71 of the Complaint.

73. Defendant admits that on December 21, 2023, a CCA donor "had a post published in the *Times of Israel* media outlet, denouncing the Instagram post," as stated in Paragraph 73 of the Complaint. Defendant admits that the relevant article can be found at the hyperlink provided in Paragraph 73. Defendant denies the remaining allegations in Paragraph 73 to the extent they are not an accurate recitation of the article.

74.     Defendant denies that Maira Lazdins contacted Dr. Fiss on December 21, 2022, as alleged in Paragraph 74 of the Complaint.  Defendant denies the allegations that, "[s]ix days later, and over ten weeks after she had filed her complaint about it, Dr. Fiss was informed that the investigation had been (re)commenced," as alleged in Paragraph 74 of the Complaint.  Defendant admits the remaining allegations in Paragraph 74 of the Complaint.

75.     Defendant admits that on or around February 1, 2024, Maira Lazdins informed Dr. Fiss that the investigation into her complaint about the Instagram post "did not find that the CES post violated any CCA policy (including but not limited to CCA's Sub-brand Policy and the policy prohibiting discrimination, unlawful harassment retaliation), nor did it violate any applicable law, including federal, state and local laws prohibiting harassment and discrimination based on religion or ancestry[,]" as stated in Paragraph 75 of the Complaint.  Defendant denies the remaining allegations in Paragraph 75 of the Complaint.

76.     Defendant denies the allegations in Paragraph 76 of the Complaint.

77.     Defendant admits that on January 18, 20204, Professor Barry M. Katz lodged a complaint regarding the subject Instagram post stating, "it fails even to acknowledge the events of October 7 it conveys an inescapable message: Jewish lives do not matter. For that reason, I formally charge the Chair of Critical and Ethnic studies . . . with racist antisemitism," as alleged in Paragraph 77 of the Complaint.  Defendant denies the remaining allegations in Paragraph 77 of the Complaint.

78.     Defendant admits the allegations in Paragraph 78 of the Complaint.

79.     Defendant admits that there was a complaint against Professor Barry M. Katz that "the Open Letter that you sent has caused [the complainants] to feel unsafe, suffer from emotional distress and question how to complete their job duties in the hostile environment that has been created," as alleged in Paragraph 79 of the Complaint.  Defendant denies the remaining allegations in Paragraph 79 of the Complaint.

80.     Defendant denies the allegations in Paragraph 80 of the Complaint.

81.     Defendant denies the allegations in Paragraph 81 of the Complaint.

///

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT

82.     Defendant admits that on November 3, 2023, Dr. Fiss wrote about a conversation she had with a student, as alleged in Paragraph 82 of the Complaint.  Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 82 of the Complaint.

83.     Defendant denies the allegations in Paragraph 83 of the Complaint.

84.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 84 of the Complaint.

85.     Defendant admits that on October 26, 2023, three students staffed a table in the "nave," as alleged in Paragraph 85 of the Complaint.  Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 85 of the Complaint and, on that basis, denies them.

86.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 86 of the Complaint.

87.     Defendant admits that Dr. Fiss observed a poster hung behind the table, which stated "[f]rom the river to the sea," as alleged in Paragraph 87 of the Complaint.  Defendant admits that Plaintiff took at least one photo of the students, as alleged in Paragraph 87 of the Complaint.  Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 87 of the Complaint.

88.     Defendant admits that Dr. Fiss took a photograph of the students, as alleged in Paragraph 88 of the Complaint.  Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 88 of the Complaint.

89.     Defendant denies the allegation that "[t]he students did not object in any way to Dr. Fiss taking this photograph," as alleged in Paragraph 89 of the Complaint.  The allegations that "Plaintiff had a clear right to take the photograph under California law" and that the students "had no expectation of privacy" are conclusions of law that Defendant cannot admit or deny.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to those allegations.  Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 89 of the Complaint.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT

90.     Defendant admits that Dr. Fiss asked a woman staffing the table what was meant by "from the river to the sea," as alleged in Paragraph 90 of the Complaint.  Defendant admits that a student took down the poster, as alleged in Paragraph 90 of the Complaint.  Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 90 of the Complaint.

91.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 91 of the Complaint.

92.     Defendant admits that "Dr. Fiss asked the students where they got their news from, and what sources were they reading," as alleged in Paragraph 92 of the Complaint.  Defendant admits that one student, Maryiam Alwael, explained she was from the Middle East, as alleged in Paragraph 92.  Defendant admits that "[w]hen Dr. Fiss asked that student where in the Middle East she was from, the student said Kuwait," as alleged in Paragraph 92.  Defendant admits that Dr. Fiss "brought up the challenges Palestinians faced in Kuwait," as alleged in Paragraph 92.  Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 92 of the Complaint.

93.     Defendant admits that Dr. Fiss used the term "echo chamber" during her discussion with the students, as alleged in Paragraph 93 of the Complaint.  Defendant lacks sufficient knowledge or information to form a belief as to the allegation in Paragraph 93 of the Complaint and, on that basis, denies it.

94.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 94 of the Complaint and, on that basis, denies them.

95.     Defendant denies the allegation that Plaintiff did not denounce the student's views or insult them, as alleged in Paragraph 95 of the Complaint.  Defendant admits that Plaintiff did not "threaten them or anyone else with violence, [or] with a poor academic grade," as alleged in Paragraph 95.  Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 95 of the Complaint and, on that basis, denies it.

///

///

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT

96.     Defendant admits that Dr. Fiss refrained from physical aggression, as alleged in Paragraph 96 of the Complaint.  Defendant denies the remaining allegations in Paragraph 96 of the Complaint.

97.     Defendant denies that Plaintiff was not told what the complaint was about, as alleged in Paragraph 97 of the Complaint.  Defendant admits the remaining allegations in Paragraph 97 of the Complaint.

98.     Defendant denies that Guevarra "only indicated that Dr. Fiss was accused of having had a 'harassing and discriminatory interaction' with a student," as alleged in Paragraph 98 of the Complaint. Defendant admits the remaining allegations in Paragraph 98 of the Complaint.

99.     Defendant admits that Maryiam Alwael, a student at the table, complained about Plaintiff's behavior.  Defendant further admits that Alwael told Plaintiff that she was from Kuwait. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 99 of the Complaint.

100.     Defendant admits that students lodged a complaint about another CCA professor on November 17, as alleged in Paragraph 100 of the Complaint.  Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 100 of the Complaint and, on that basis, denies it.

101.     Defendant admits that on November 17, 2023, a group of students held a protest on campus, as alleged in Paragraph 101 of the Complaint.  Defendant admits that a student complained about a professor's behavior at the protest, writing in the complaint that the professor "stepped over a group of peaceful students respectfully mourning the names of Palestinians murdered by the State of Israel," and that the professor's passage "felt disrespectful."  Defendant admits that the professor was informed of the complaint by CCA Human Resources on November 27, 2023, as alleged in Paragraph 101 of the Complaint.  Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegation in Paragraph 101 of the Complaint and, on that basis, denies it.

102.     Defendant admits the allegations in Paragraph 102 of the Complaint.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT

103.    Defendant admits that Plaintiff was informed on December 12, 2023, that the complainant and witnesses had been interviewed by Guevarra.  Defendant denies the remaining allegations in Paragraph 103 of the Complaint.

104.    Defendant admits the allegations in Paragraph 104 of the Complaint.

105.    Defendant admits that Plaintiff identified Tricia Brand, CCA Vice President for Diversity, Equity, Inclusion and Belonging, as a witness, as alleged in Paragraph 105 of the Complaint.  Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 105 of the Complaint.

106.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 106 of the Complaint.

107.    Defendant lacks sufficient knowledge or information to form a belief as to the allegation in Paragraph 107 of the Complaint.

108.    Defendant lacks sufficient knowledge or information to form a belief as to Plaintiff's understanding of events, as alleged in Paragraph 108 of the Complaint.

109.    Defendant admits the allegations in Paragraph 109 of the Complaint.

110.    Defendant admits that the email notifying Plaintiff of the determination of the complaint against her stated, "you began explaining the history of Maryiam's country to her," as stated in Paragraph 110 of the Complaint.  Defendant admits that determination also stated, "The nature and tone of the statements by you caused the students to reasonably believe that you were using your positional power as a Professor to get the outcome you sought, which was for the students to agree with your point of view[,]" as stated in Paragraph 110 of the Complaint. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 110 of the Complaint.

111.    Defendant denies that it administered "sanctions" as alleged in Paragraph 111 of the Complaint.  Defendant admits the remaining allegations in Paragraph 111 of the Complaint.

112.    Defendant admits the allegations in Paragraph 112 of the Complaint.

///

///

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT

113.    Defendant admits that it evaluated witness testimony independently, as alleged in Paragraph 113 of the Complaint.  Defendant denies the remaining allegations in Paragraph 113 of the Complaint.

114.    Defendant denies the allegations in Paragraph 114 of the Complaint.

115.    Defendant denies the allegations in Paragraph 115 of the Complaint.

116.    Defendant denies that "[t]he testimony of CCA DEIB director Tricia Brand should have been given at least equal weight," as the Complaint does not clearly specify with what it should have been weighed equally.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Brand "was impartial and if anything, as a member of CCA's administration, would be expected to be unswayed by partiality," as alleged in Paragraph 116 of the Complaint.  Defendant admits the remaining allegations in Paragraph 116.

117.    Defendant admits that an outside consultant was brought in to conduct an investigation about the Instagram post, and that CCA stated that it "continues to [focus] on modeling productive and respectful disagreement within our diverse community," as alleged in Paragraph 117 of the Complaint.  Defendant denies the remaining allegations in Paragraph 117 of the Complaint.

118.    Defendant denies the allegations in Paragraph 118 of the Complaint.

119.    The allegation in Paragraph 119 of the Complaint is a conclusion of law that Defendant cannot admit or deny.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 119.

120.    Defendant denies that it censured "Dr. Fiss's entirely factual statement to a student about the lives of Palestinians in Kuwait," as well as "her encouragement to students to seek information from sources with which they might not agree," as alleged in Paragraph 120 of the Complaint.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation that the students rejected Dr. Fiss' "advice" or said "I like my echo chamber," as alleged in Paragraph 120 of the Complaint.  Defendant admits that "[i]t is the very essence of academic freedom for a professor to encourage students to learn things they don't already know," as alleged in Paragraph 120 of the Complaint.

121.    Defendant denies the allegations in Paragraph 121 of the Complaint.

122.    Defendant denies the allegations in Paragraph 122 of the Complaint.

123.    Defendant denies the allegations in Paragraph 123 of the Complaint.

124.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 124 of the Complaint.

125.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 125 of the Complaint, and on that basis, denies them.

126.    Defendant admits that Dr. Fiss asked for advice on how to deal with a student, as alleged in Paragraph 126 of the Complaint.  Defendant denies the remaining allegations in Paragraph 126 of the Complaint.

127.    Defendant denies the allegations in Paragraph 127 of the Complaint.

128.    Defendant admits the allegations in Paragraph 128 of the Complaint.

129.    Defendant denies the allegations in Paragraph 129 of the Complaint.

130.    Defendant denies the allegations in Paragraph 130 of the Complaint.

131.    Defendant admits the allegations in Paragraph 131 of the Complaint.

132.    This allegation is related to Plaintiff's Second Cause of Action, which the Court dismissed with prejudice.  Further, Defendant notes that the allegations in Paragraph 132 are conclusions of law that Defendant cannot admit or deny.  To the extent a response is required, Defendant denies the allegations of Paragraph 132 of the Complaint.

133.    This allegation is related to Plaintiff's Second Cause of Action, which the Court dismissed with prejudice.  Further, Defendant notes that the allegations in Paragraph 133 are conclusions of law that Defendant cannot admit or deny.  To the extent a response is required, Defendant denies the allegations of Paragraph 133 of the Complaint.

134.    This allegation is related to Plaintiff's Second Cause of Action, which the Court dismissed with prejudice.  Further, Defendant notes that the allegations in Paragraph 134 are conclusions of law that Defendant cannot admit or deny.  To the extent a response is required, Defendant denies the allegations of Paragraph 134 of the Complaint.

///

135.    This allegation is related to Plaintiff's Second Cause of Action, which the Court dismissed with prejudice.  Further, Defendant notes that the allegations in Paragraph 135 are conclusions of law that Defendant cannot admit or deny.  To the extent a response is required, Defendant denies the allegations of Paragraph 135 of the Complaint.

136.    Defendant denies the allegations in Paragraph 136 of the Complaint.

137.    Defendant denies the allegations in Paragraph 137 of the Complaint.

138.    Defendant denies the allegations in Paragraph 138 of the Complaint.

139.    Defendant denies the allegations in Paragraph 139 of the Complaint.

140.    Defendant denies the allegations in Paragraph 140 of the Complaint.

141.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 141.

142.    The allegations in Paragraph 142 of the Complaint are conclusions of law that Defendant cannot admit or deny.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 142 and, on that basis, denies them.

143.    The allegations in Paragraph 143 of the Complaint are conclusions of law that Defendant cannot admit or deny.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 143 and, on that basis, denies them.

144.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 144 and, on that basis denies them.

145.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 145 and, on that basis, denies them.

146.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 146 and, on that basis, denies them.

147.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 147 and, on that basis, denies them.

///

1   148.   Defendant lacks sufficient knowledge or information to form a belief as to the truth

2   of the allegations in Paragraph 148 and, on that basis, denies them.

3   149.   Defendant lacks sufficient knowledge or information to form a belief as to the truth

4   of the allegations in Paragraph 149 and, on that basis, denies them.

5   150.   Defendant lacks sufficient knowledge or information to form a belief as to the truth

6   of the allegations in Paragraph 150 and, on that basis, denies them.

7   151.   Defendant lacks sufficient knowledge or information to form a belief as to the truth

8   of the allegations in Paragraph 151 and, on that basis, denies them.

9   152.   Defendant denies the allegations in Paragraph 152 of the Complaint.

**Count I**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**Hostile Work Environment**
**And**
**Disparate Treatment**

14   153.   In response to Paragraph 153 of the Complaint, Defendant incorporates by

15   reference, as though fully set forth herein, its responses to Paragraph 1 through 152, inclusive, of

16   the Complaint.

17   154.   Defendant denies the allegations in Paragraph 154 of the Complaint.

18   155.   Defendant denies the allegations in Paragraph 155 of the Complaint.

19   156.   Defendant denies the allegations in Paragraph 156 of the Complaint.

20   157.   Defendant denies the allegations in Paragraph 157 of the Complaint.

21   158.   Defendant denies the allegations in Paragraph 158 of the Complaint.

22   159.   Defendant denies the allegations in Paragraph 159 of the Complaint.

23   160.   Defendant denies the allegations in Paragraph 160 of the Complaint.

24   161.   Defendant denies the allegations in Paragraph 161 of the Complaint.

25   162.   Defendant denies the allegations in Paragraph 162 of the Complaint.

26   163.   Defendant denies the allegations in Paragraph 163 of the Complaint.

27   164.   Defendant denies the allegations in Paragraph 164 of the Complaint.

28   165.   Defendant denies the allegations in Paragraph 165 of the Complaint.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT

166.    Defendant denies the allegations in Paragraph 166 of the Complaint.

**Count II**
**TITLE VI OF THE CIVIL RIGHTS ACT OF 1964**
**U.S.C. 2000*d et seq.***

167.    In response to Paragraph 167 of the Complaint, Defendant incorporates by reference, as though fully set forth herein, its responses to Paragraph 1 through 166, inclusive, of the Complaint.

168.    The Court dismissed Plaintiff's Second Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 168 of the Complaint.

169.    The Court dismissed Plaintiff's Second Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 169 of the Complaint.

170.    The Court dismissed Plaintiff's Second Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations of Paragraph 170 of the Complaint.

171.    The Court dismissed Plaintiff's Second Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 171 of the Complaint.

172.    The Court dismissed Plaintiff's Second Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 172 of the Complaint.

173.    The Court dismissed Plaintiff's Second Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 173 of the Complaint.

174.    The Court dismissed Plaintiff's Second Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 174 of the Complaint.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT

175.    The Court dismissed Plaintiff's Second Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 175 of the Complaint.

176.    The Court dismissed Plaintiff's Second Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 176 of the Complaint.

177.    The Court dismissed Plaintiff's Second Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 177 of the Complaint.

178.    The Court dismissed Plaintiff's Second Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 178 of the Complaint.

179.    The Court dismissed Plaintiff's Second Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 179 of the Complaint.

180.    The Court dismissed Plaintiff's Second Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 180 of the Complaint.

181.    The Court dismissed Plaintiff's Second Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 181 of the Complaint.

182.    The Court dismissed Plaintiff's Second Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 182 of the Complaint.

183.    The Court dismissed Plaintiff's Second Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 183 of the Complaint.

///

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT

184.    The Court dismissed Plaintiff's Second Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 184 of the Complaint.

185.    The Court dismissed Plaintiff's Second Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 185 of the Complaint.

## Count III
## Cal. Gov't Code § 12920, Cal. Labor Code

186.    In response to Paragraph 186 of the Complaint, Defendant incorporates by reference, as though fully set forth herein, its responses to Paragraph 1 through 185, inclusive, of the Complaint.

187.    Defendant admits the allegations in Paragraph 187 of the Complaint.

188.    Defendant denies the allegations in Paragraph 188 of the Complaint.

189.    Defendant denies the allegations in Paragraph 189 of the Complaint.

190.    Defendant denies the allegations in Paragraph 190 of the Complaint.

191.    Defendant denies the allegations in Paragraph 191 of the Complaint.

192.    Defendant denies the allegations in Paragraph 192 of the Complaint.

193.    Defendant denies the allegations in Paragraph 193 of the Complaint.

194.    Defendant denies the allegations in Paragraph 194 of the Complaint.

195.    Defendant denies the allegations in Paragraph 195 of the Complaint.

196.    Defendant denies the allegations in Paragraph 196 of the Complaint.

197.    Defendant denies the allegations in Paragraph 197 of the Complaint.

198.    Defendant admits that Plaintiff sought and obtained a right to sue letter from the California Civil Rights Department as alleged in Paragraph 198 of the Complaint.  The remaining allegations in Paragraph 198 of the Complaint are conclusions of law that Defendant cannot admit or deny.  To the extent a response is required, Defendant denies the remaining allegations in Paragraph 198.
///

1

2

**Count IV (Misnumbered as Count V)**
**Breach of Contract**

3

4

5

    199.    In response to Paragraph 199 of the Complaint, Defendant incorporates by reference, as though fully set forth herein, its responses to Paragraph 1 through 198, inclusive, of the Complaint.

6

7

8

    200.    The Court dismissed Plaintiff's Fourth Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 200 of the Complaint.

9

10

11

    201.    The Court dismissed Plaintiff's Fourth Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 201 of the Complaint.

12

13

14

    202.    The Court dismissed Plaintiff's Fourth Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 202 of the Complaint.

15

16

17

    203.    The Court dismissed Plaintiff's Fourth Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 203 of the Complaint.

18

19

20

    204.    The Court dismissed Plaintiff's Fourth Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 204 of the Complaint.

21

22

23

    205.    The Court dismissed Plaintiff's Fourth Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 205 of the Complaint.

24

25

26

    206.    The Court dismissed Plaintiff's Fourth Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 206 of the Complaint.

27

///

28

///

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT

207.    The Court dismissed Plaintiff's Fourth Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 207 of the Complaint.

208.    The Court dismissed Plaintiff's Fourth Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 208 of the Complaint.

209.    The Court dismissed Plaintiff's Fourth Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 209 of the Complaint.

210.    The Court dismissed Plaintiff's Fourth Cause of Action with prejudice; therefore, no response is required.  To the extent a response is required, however, Defendant denies the allegations in Paragraph 210 of the Complaint.

## **PRAYER FOR RELIEF**

1.    Defendant denies that Plaintiff is entitled to an injunction preliminarily and permanently enjoining Defendant from taking any action whatsoever;

2.    Defendant denies that Plaintiff is entitled to a writ of mandate against Defendant for any reason;

3.    Defendant denies that Plaintiff is entitled to an injunction preliminarily and permanently mandating that Defendant take any action whatsoever;

4.    Defendant denies that Plaintiff is entitled to a declaratory judgment against Defendant;

5.    Defendant denies that Plaintiff is entitled to compensatory and/or punitive damages;

6.    Defendant denies that Plaintiff is entitled to reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

7.    Defendant denies that Plaintiff is entitled to "[a]ny other relief which this Court may deem just and proper."

///

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT

**DEMAND FOR JURY TRIAL**

Defendant denies that Plaintiff is entitled to a trial by jury on the claims alleged in his Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.      Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

2.      Plaintiff's causes of action are barred in whole or in part because Plaintiff failed meaningfully to exhaust her administrative remedies under the California Fair Employment and Housing Act, Government Code §12900 *et seq,* or Title VI of the Civil Rights Act of 1964.

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

3.      Any recovery on Plaintiff's complaint, or any purported cause of action alleged therein, is barred in whole or part by the applicable statutes of limitation, including, but not limited to, Government Code sections 12960(d) or 12965(b) or 42 U.S.C. sections 200e-5(e)(1) and (f)(1).

**FOURTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Preemption)**

4.      Plaintiff's cause of action is barred in that Plaintiff's sole and exclusive remedies, if any, for purported physical or emotional injuries allegedly suffered during or as a result of Plaintiff's employment lie under California's Workers' Compensation Act, Labor Code sections 3200 *et seq.*

///

///

///

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT

**FIFTH AFFIRMATIVE DEFENSE**

**(Pre-Existing Condition)**

5.        Defendant is relieved of any liability whatsoever as to Plaintiff's claims for damages set forth in the Complaint to the extent Plaintiff seeks redress for physical and emotional injuries arising from preexisting physical or mental conditions.

**SIXTH AFFIRMATIVE DEFENSE**

**(Legitimate, Non-Discriminatory Business Reason / Same Decision)**

6.        Plaintiff's Complaint is barred, in whole or in part, because all decisions and acts by Defendant that pertained to Plaintiff's employment occurred for legitimate, non-discriminatory reasons or, alternatively, assuming *arguendo* that discriminatory reasons were motivating factors in any employment decisions toward Plaintiff, Defendant would have made the same employment decisions toward Plaintiff in any case for legitimate, non-discriminatory business reasons.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Not Substantially Motivating Reason)**

7.        Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory reasons had been a motivating factor in any employment decision towards Plaintiff, which Defendant denies, Defendant would have made the same employment decision towards Plaintiff in any case for legitimate, non-discriminatory business reasons. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Business Judgment Rule)**

8.        Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the business judgment rule.

**NINTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

9.        Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because, to the extent that any actions of Defendant could be construed as unlawful discrimination (all of which Defendant denies), Defendant exercised reasonable care to prevent such conduct

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT

and would have taken immediate and appropriate corrective action to remedy and stop any such alleged misconduct if Plaintiff had informed Defendant about the alleged misconduct. However, Plaintiff failed to utilize the preventive or corrective remedies provided by Defendant and failed to otherwise avoid such harm. Plaintiff's claims are therefore barred in whole or limited in part by the doctrine of avoidable consequences.

## TENTH AFFIRMATIVE DEFENSE

### (Comparative and Contributory Negligence)

10.     Plaintiff's complaint, and each purported cause of action alleged therein, is barred in whole or in part because Defendant exercised reasonable care to prevent and correct discriminatory or harassing behavior based on religion and/or national origin, and Plaintiff unreasonably failed to utilize the preventive or corrective remedies provided by Defendant to prevent and to otherwise avoid such harm. Consequently, the doctrines of estoppel, waiver, comparative negligence, or contributory negligence bar Plaintiff's complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Management Discretion)

11.     Plaintiff's Complaint, and each and every cause of action alleged therein, is barred in that Defendant's actions were a just and proper exercise of management discretion, undertaken for a fair and honest reason regulated by good faith under the circumstances then existing, and based on legitimate, nondiscriminatory reasons.

## TWELFTH AFFIRMATIVE DEFENSE

### (Intervening, Superseding, and/or Independent Factors)

12.     Defendant alleges that if Plaintiff suffered any damage, including, but not limited to, emotional distress, such damage was caused by intervening, superseding, and/or independent factors unrelated to any alleged conduct of Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

13.     Defendant alleges, based on information and belief, that all or part of the damages allegedly suffered by Plaintiff, if any, occurred as a direct or proximate result of her own failure

to exercise due diligence and reasonable care to mitigate her damages. Plaintiff's recovery, if any, must be reduced accordingly.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Actual Knowledge)

14.     Plaintiff frustrated and prevented Defendant from thoroughly investigating her allegations of discrimination by failing or refusing to report her allegations, notwithstanding Plaintiff's ample opportunity to do so without fear of retaliation. Accordingly, Defendant had no actual or constructive knowledge of Plaintiff's allegations of harassment. Therefore, any alleged failure by any Defendant to take remedial or disciplinary measures resulted from Plaintiff's frustration of Defendant's ability to remedy any alleged harassment and discrimination.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

15.     On information and belief, Plaintiff is barred from any recovery by the doctrine of after-acquired evidence.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Due Process Clause)

16.     To the extent that Plaintiff's Complaint, or any purposed cause of action alleged therein, claims punitive damages, recovery is limited under the Due Process Clause. *State Farm Mutual Auto Insurance Company. v. Campbell* (2003) 538 U.S. 408, 416.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages Against Corporate Defendant)

17.     Defendant is not liable to Plaintiff for punitive damages because neither Defendant nor any of Defendant's officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

///

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

18.     Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to this Defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

**NINTEENTH AFFIRMATIVE DEFENSE**

**(Not Entitled to Punitive Damages)**

19.     Defendant alleges that Plaintiff is not entitled to recover punitive damages because Plaintiff failed to allege facts sufficient to state a claim for punitive damages or to show that any of Defendant's officers, directors or managing agents committed ratified or engaged in oppressive, fraudulent or malicious conduct.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

20.     Plaintiff is barred from any injunctive relief sought because Plaintiff has adequate remedies at law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Equitable Defenses)**

21.     At all times material Defendant has and continues to maintain and enforce a strenuous policy prohibiting and seeking to prevent discrimination in the workplace.  Defendants' policies include statements that encourage employees to come forward with complaints of discrimination and or retaliation.  Plaintiff's refusal and failure to exhaust internal mechanisms prior to bringing the present lawsuit acts as an effective bar to any claims, by the doctrines of estoppel, laches, and waiver.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

22.     Defendant alleges, on information and belief, that Plaintiff's Complaint, and each cause of action alleged therein, is barred by the doctrine of unclean hands.

1

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

2

**(Reservation of Additional Defenses)**

3       23.    Because Plaintiff's Complaint is couched in broad and conclusory terms,

4 Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly,

5 Defendant hereby reserves the right to assert additional defenses, if and to the extent that such

6 defenses are applicable.

7

**<u>PRAYER</u>**

8      WHEREFORE, Defendant pray for judgment as follows:

9     1.    That Plaintiff take nothing by her Complaint;

10     2.    That the Complaint and each cause of action be dismissed in its entirety with

11         prejudice;

12     3.    That Plaintiff be denied each and every demand and prayer for relief contained in

13         the Complaint;

14     4.    For costs of suit incurred herein, including reasonable attorneys' fees, whether

15         pursuant to Government Code Section 12965(b) or other applicable provisions;

16         and

17     5.    For such other and further relief as the Court deems just and equitable.

18

19 Dated: May 23, 2025          By:   /s/ Jessica C. Shafer

20                                Angel R. Sevilla

                                    Jessica C. Shafer

21                                Julianna Bramwell

                                    JACKSON LEWIS P.C.

22

23                                *Attorneys for Defendant*

                                    CALIFORNIA COLLEGE OF THE ARTS

24                                4910-0794-6054, v. 2

25

26

27

28

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT